IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michelle Helton, | : |
| Plaintiff, | : Civil Action No.: 3:13-cv-02761-JFA |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Ability Recovery Services, LLC; and DOES 1-10, inclusive, | : **JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, Michelle Helton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Michelle Helton ("Plaintiff"), is an adult individual residing in Columbia, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Ability Recovery Services, LLC ("ARS"), is a Pennsylvania business entity with an address of One Montage Mountain Road, Moosic, Pennsylvania 18507, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by ARS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     ARS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to Wachovia Bank (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to ARS for collection, or ARS was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ARS Engages in Harassment and Abusive Tactics

12.     Within the last year, ARS contacted Plaintiff by placing calls daily to both Plaintiff's cellular and residential telephones in an attempt to collect the Debt.

13.     At several times mentioned herein, ARS contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

14. Upon answering ARS's ATDS telephone calls, Plaintiff heard a pre-recorded message directing her to "please wait to be connected" or to "please call us back at this number" to speak with a live representative.

15. When Plaintiff was able to speak with representatives, ARS informed her that she owed an amount greater than the debt that had originally been incurred.

16. In response, Plaintiff informed ARS that she disputed the Debt and that she would not pay the increased amount. Accordingly, Plaintiff requested ARS cease calling her regarding the Debt.

17. Despite being informed of such, ARS continued to place ATDS calls to Plaintiff in its efforts to collect the Debt.

18. During later conversations, ARS threatened to involve its lawyers to expedite the process if Plaintiff did not pay the Debt.

19. No legal action has been taken against Plaintiff, and upon information and belief, ARS threatened Plaintiff with such in order to obtain immediate payment of the Debt.

20. Moreover, ARS continued to list the Debt on Plaintiff's credit report without marking it as disputed.

21. During a conversation on or about September 23, 2013, Plaintiff informed ARS that she had retained legal representation and attempted to provide her attorney's contact information. ARS, however, rudely and abruptly terminated the call without taking the information regarding Plaintiff's retained counsel.

22. Furthermore, ARS failed to send Plaintiff written validation of the Debt, including notice of her rights to dispute the Debt under federal law, within five (5) days of initial contact.

### C. Plaintiff Suffered Actual Damages

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or that was not intended to be taken.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the debt was disputed to the credit bureaus.

32. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

38. Plaintiff either never provided express consent to Defendant or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone by her repeated demands to cease calling her cellular telephone.

39.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40.     Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

41.     As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;
6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 10, 2013

Respectfully submitted,

By:_____
Brian J. Headley, Attorney at Law
District of South Carolina Bar ID No. 11427
145 Historic Drive
Mount Pleasant, SC 29464
Telephone: (855) 301-2100 Ext. 5532
Facsimile: (888) 953-6237
bjheadley@yahoo.com
bheadley@lemberglaw.com

Of Counsel To
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237